# UNITED STATES DISTRICT COURT
# SOTHERN DISTRICT OF FLORIDA

### Case No. 0:21-cv-61065-RKA

MICHEL RIVERA,

    **Plaintiff**,

v.

MRS BPO, LLC,

    **Defendant**.

_____/

## MOTION TO REMAND

Plaintiff Michel Rivera ("Plaintiff") moves to remand this case to Broward County Court.

## INTRODUCTION

Defendant MRS BPO, LLC ("Defendant") invoked the jurisdiction of this Court by removing the above-captioned case from Broward County Court. Defendant is not explicitly required to establish subject-matter jurisdiction to remove a case pursuant to 28 U.S.C. § 1441(a); however, whether Defendant can exercise the removal mechanism and whether subject matter jurisdiction exists are two separate inquires.

As the party responsible for removing the case, Defendant bears the burden of establishing federal subject matter jurisdiction on a motion to remand and, *more pointedly*, as the party responsible for invoking this Court's jurisdiction, Defendant bears the burden of establishing the three elements of standing, *i.e.*, the plaintiff must have suffered an injury in fact, the defendant must have caused that injury, and a favorable decision must be likely to redress it. Defendant carries these burdens at all stages of this litigation, and at this stage, Defendant has neither satisfied the standing burden it now carries, nor the overarching subject matter jurisdiction burden.

For these reasons, Plaintiff moves to remand this case for lack of subject matter jurisdiction.

## BACKGROUND

1. On April 28, 2021, Plaintiff sued Defendant in Broward County Court (Case No. COCE-21-021919) for violating § 1692c(b) of the Fair Debt Collection Practices (the "FDCPA").

2. On May 20, 2021, Defendant removed Plaintiff's lawsuit to this Court pursuant to 28 U.S.C. § 1441(a). *See* D.E. 1.

## GOVERNING STANDARDS

3. "Where state and federal courts share subject matter jurisdiction, a removal statute may provide the procedural mechanism for transferring a case from one court to another, but the removal statute is not the source of subject matter jurisdiction." Orange Cty. Water Dist. v. Unocal Corp., 584 F.3d 43, 49 (2d Cir. 2009).

4. "On a motion to remand, the removing party shoulders the burden of establishing federal subject-matter jurisdiction." Bowling v. United States Bank Nat'l Ass'n, 963 F.3d 1030, 1034 (11th Cir. 2020) (*citing* Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1343 (11th Cir. 2009)).

5. "Under settled precedent, the 'irreducible constitutional minimum' of standing consists of three elements: the plaintiff must have suffered an injury in fact, the defendant must have caused that injury, and a favorable decision must be likely to redress it. **The party invoking the jurisdiction of a federal court bears the burden of establishing these elements to the extent required at each stage of the litigation**." Trichell v. Midland Credit Mgmt., 964 F.3d 990, *7 (11th Cir. 2020) (emphasis added) (*citing* and *quoting* Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992)).

6. Pursuant to 28 U.S.C. 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

7. Pursuant to 28 U.S.C. 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

### ARGUMENT

8. With respect to the present matter, Defendant exercised the procedural mechanism of 28 U.S.C. § 1441(a) to remove Plaintiff's case from Broward County Court to this Court and, in so doing, invoked the jurisdiction of this Court. Indeed, Defendant is not required to establish the existence of subject matter jurisdiction, nor the subcategory of Article III standing, to exercise the removal mechanism. As the party responsible for invoking this Court's jurisdiction *via* the procedural mechanism of 28 U.S.C. § 1441(a), however, Defendant carries both the burden of establishing subject matter jurisdiction for purposes of this Motion to Remand and, significantly, the more particularized burden of standing at this stage of the litigation.

9. Defendant, as the party responsible *at this stage* for bearing the burden of establishing each of the three elements of standing *and* the overarching burden of federal subject matter jurisdiction, has failed to meet these burdens.

10. WHEREFORE, Plaintiff, respectfully, asks this Court to *remand* this case to Broward County Court for Defendant's failure to establish the three elements of standing, as well as the overarching burden of federal subject matter jurisdiction, and award Plaintiff attorney's fees and costs pursuant to 28 U.S. Code § 1447(c).

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## **CERTIFICATE OF GOOD FAITH CONFERRAL**

The undersigned attorney certifies that he conferred with counsel for Defendant regarding the relief sought herein, and that counsel for Defendant opposes the relief sought herein.

Dated: May 31, 2021

                                          Respectfully Submitted,

                                           /s/ Thomas J. Patti
                                        **JIBRAEL S. HINDI, ESQ.**
                                        Florida Bar No.: 118259
                                        E-mail:   jibrael@jibraellaw.com
                                        **THOMAS J. PATTI, ESQ.**
                                        Florida Bar No.: 118377
                                        E-mail:   tom@jibraellaw.com
                                        The Law Offices of Jibrael S. Hindi
                                        110 SE 6th Street, Suite 1744
                                        Fort Lauderdale, Florida 33301
                                        Phone:   954-907-1136
                                        Fax:         855-529-9540

                                        *COUNSEL FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 31, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                           /s/ Thomas J. Patti
                                        **THOMAS J. PATTI, ESQ.**
                                        Florida Bar No.: 118377

PAGE | **4** of **4**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com