UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

_____

MICHEL RIVERA,

    Plaintiff,

v.

MRS BPO, LLC,

    Defendant.

_____

Civil Action No.: 21-CV-61065

## DEFENDANT MRS BPO, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant MRS BPO, LLC ("MRS"), as and for its Answer to the Complaint of Michel Rivera ("Plaintiff"), in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

### JURISDICTION AND VENUE

1. The allegations in paragraph 1 of the Complaint pertain to jurisdiction, for which an answer is not required.

2. The allegations in paragraph 2 of the Complaint pertain to jurisdiction, for which an answer is not required.

3. MRS lacks sufficient information and knowledge to either admit or deny the allegations set forth in paragraph 3 of the Complaint and therefore denies the same.

4. MRS lacks sufficient information and knowledge to either admit or deny the allegations set forth in paragraph 4 of the Complaint and therefore denies the same.

## PARTIES

5. MRS lacks sufficient information and knowledge to either admit or deny the allegations set forth in paragraph 5 of the Complaint and therefore denies the same.

6. In response to paragraph 6 of the Complaint, MRS admits that it is a New Jersey limited liability company with its principal place of business in Cherry Hill, New Jersey.

## DEMAND FOR JURY TRIAL

7. In response to paragraph 7 of the Complaint, MRS admits that Plaintiff requests a jury trial, but denies that Plaintiff is entitled to the same as MRS did not violate any law.

## FACTUAL ALLEGATIONS

8. MRS admits the allegations set forth in paragraph 8 of the Complaint.

9. MRS admits the allegations set forth in paragraph 9 of the Complaint.

10. MRS lacks sufficient information and knowledge to either admit or deny the allegations set forth in paragraph 10 of the Complaint and therefore denies the same.

11. In response to paragraph 11 of the Complaint, MRS admits that it is a business entity engaged in the collection of consumer debt.

12. MRS admits the allegations set forth in paragraph 12 of the Complaint.

13. MRS admits the allegations set forth in paragraph 13 of the Complaint.

14. MRS admits the allegations set forth in paragraph 14 of the Complaint.

15. MRS admits the allegations set forth in paragraph 15 of the Complaint.

16. MRS admits the allegations set forth in paragraph 16 of the Complaint.

17. MRS admits the allegations set forth in paragraph 17 of the Complaint.

18. In response to paragraph 18 of the Complaint, MRS states that while at times it may be deemed a debt collector as that term is defined by the FDCPA, it has insufficient

information and knowledge to either admit or deny that it was a debt collector in regard to Plaintiff and this matter.

19. In response to paragraph 19 of the Complaint, MRS states that while at times it may be deemed a person as that term is defined by the FCCPA, it has insufficient information and knowledge to either admit or deny that it was a person in regard to Plaintiff and this matter.

20. MRS denies the allegations set forth in paragraph 20 of the Complaint.

21. MRS denies the allegations set forth in paragraph 21 of the Complaint.

22. In response to paragraph 22 of the Complaint, MRS admits that a mail vendor used encrypted information provided to it to prepare, print and mail a letter to Plaintiff, upon information and belief.

23. MRS denies the allegations set forth in paragraph 23 of the Complaint.

24. MRS denies the allegations set forth in paragraph 24 of the Complaint.

25. MRS denies the allegations set forth in paragraph 25 of the Complaint.

26. MRS denies the allegations set forth in paragraph 26 of the Complaint.

27. In response to paragraph 27 of the Complaint, MRS admits that Exhibit "A" is a copy of a collection letter sent to Plaintiff.

28. MRS denies the allegations set forth in paragraph 28 of the Complaint.

29. In response to paragraph 29 of the Complaint, MRS admits that the exterior of the collection letter displays barcodes. MRS lacks sufficient information and knowledge to either admit or deny the remaining allegations set forth in paragraph 29 of the Complaint and therefore denies the same.

30. MRS lacks sufficient information and knowledge to either admit or deny the allegations set forth in paragraph 30 of the Complaint and therefore denies the same.

31. MRS denies the allegations set forth in paragraph 31 of the Complaint.

32. MRS denies the allegations set forth in paragraph 32 of the Complaint.

## COUNT 1

33. MRS adopts by reference its responses paragraphs 1 through 32 as though fully set forth herein.

34. In response to paragraph 34 of the Complaint, MRS admits that Plaintiff purports to summarize, paraphrase and quote the referenced federal statute while denying any violation of such statute.

35. MRS denies the allegations set forth in paragraph 35 of the Complaint.

36. In response to paragraph 36 of the Complaint, MRS admits that Plaintiff seeks damages and declaratory relief, but denies that Plaintiff is entitled to the same as MRS did not violate any law.

## COUNT 2

37. MRS adopts by reference its responses to paragraphs 1 through 36 as though fully set forth herein.

38. In response to paragraph 38 of the Complaint, MRS admits that Plaintiff purports to summarize, paraphrase and quote the referenced state statute while denying any violation of such statute.

39. MRS denies the allegations set forth in paragraph 39 of the Complaint.

40. In response to paragraph 40 of the Complaint, MRS admits that Plaintiff seeks damages and declaratory relief, but denies that Plaintiff is entitled to the same as MRS did not violate any law.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff suffered no damage from the alleged violations of the Fair Debt Collection Practices Act ("FDCPA") or Florida Consumer Collection Practices Act ("FCCPA") by MRS, which MRS denies, and therefore is not entitled to any award of damages, attorney fees or costs.

### THIRD DEFENSE

All of MRS's actions have been in accordance with the FDCPA and FCCPA.

### FOURTH DEFENSE

Any violation of the FDCPA or FCCPA by MRS, which MRS denies, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### FIFTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which MRS denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of MRS.

### SIXTH DEFENSE

MRS asserts that the letter was not a communication governed by the FDCPA or FCCPA.

### SEVENTH DEFENSE

Any technical violation of the FDCPA or FCCPA was not material and therefore not actionable.

### EIGHTH DEFENSE

MRS's use of a letter vendor is contemplated by and approved by the Consumer Financial Protection Bureau ("CFPB") as evidenced by Regulation F and the CFPB's commentary.

### NINTH DEFENSE

MRS's use of a letter vendor and providing of any information to the same is an incidental contact, as set forth by the FTC, and cannot be the basis of a claim against it.

### TENTH DEFENSE

Any letter vendor is an agent and/or attorney-in-fact and providing information to the same is not actionable.

**WHEREFORE,** MRS prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against MRS with prejudice and on the merits; and,

2. Awarding MRS such other and further relief as the Court deems just and equitable.

Dated:  June 8, 2021                    /s/ Ronald S. Canter
                                        Ronald S. Canter, Esq.
                                        Bar # 335045
                                        The Law Offices of Ronald S. Canter, LLC
                                        200A Monroe Street, Suite 104
                                        Rockville, Maryland 20850
                                        Telephone: (301) 424-7490
                                        Facsimile: (301) 424-7470
                                        rcanter@roncanterllc.com

                                        *Local address:*
                                        400 S. Dixie Hwy #322
                                        Boca Raton, Florida 33432

                                        *Attorneys for Defendant MRS BPO, LLC*

6984445v1

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2021, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service, upon the following:

    Jibrael S. Hindi, Esq.
    Thomas J. Patti, Esq.
    The Law Offices of Jibrael S. Hindi
    110 SE 6th Street Suite 1744
    Ford Lauderdale, FL 33301
    *Counsel for Plaintiff*

                                        /s/ Ronald S. Canter
                                        Ronald S. Canter, Esq.

6984445v1