UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NUMBER 0:21-cv-61065- RKA-PMH

MICHEL RIVERA,

   Plaintiff,

v.

MRS BPO, LLC,

   Defendant.
_____/

**DEFENDANT'S RESPONSIVE BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND**

Defendant MRS BPO, LLC ("MRS") submits this responsive brief in opposition to Plaintiff's Motion to Remand. [ECF No. 6].

**INTRODUCTION**

In his Motion to Remand, Plaintiff contends that this case should be remanded back to state court because MRS failed to meet its burden of establishing Article III standing.[1]  *Id.* at p. 3.  A cursory review of Plaintiff's Complaint demonstrates that MRS can quickly establish that Plaintiff has sufficiently alleged Article III standing to bring his cause of action for purported violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692c(b).[2]

The applicable Eleventh Circuit Court of Appeals case, *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 994 F.3d 1341, 1345 (11th Cir. 2021), heavily relied on in Plaintiff's Complaint, establishes that alleged violations of § 1692c(b) of the FDCPA give rise to a concrete

---

[1] Notably, Plaintiff does not assert that he has insufficient standing to bring his cause of action for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(b).

[2] MRS does not concede liability.  MRS merely contends that the allegations of wrongful conduct are sufficient to confer Article III standing for pleading purposes.

1

injury-in-fact under Article III. In *Hunstein*, the Eleventh Circuit concluded that the debt collector's transmittal of the consumer's personal information to its dunning vendor constituted a concrete injury and provided the plaintiff with the requisite standing to sue under § 1692c(b). *Hunstein*, 994 F.3d at 1348-1349.

As in *Hunstein*, Plaintiff's alleged FDCPA violation is based on the transmission of personal information to a third-party vendor. [ECF No. 1-2 at ¶ 28].[3] Consequently, unless the decision in *Hunstein* is reconsidered or reversed[4], the Motion to Remand should be denied. In the alternative, MRS respectfully requests that this Court stay its decision on Plaintiff's Motion to Remand pending the outcome of the Petition for Rehearing *en banc* in *Hunstein*.

## PROCEDURAL POSTURE

On April 28, 2021, Plaintiff filed a lawsuit against MRS in the County Court in and for Broward County, Florida, under Case No.: COCE-21-021919, asserting a violation of the FDCPA and the Florida Consumer Collection Practices Act ("FCCPA"). Specifically, Plaintiff alleged that MRS violated § 1692c(b) of the FDCPA and § 559.72(5) of the FCCPA, by transmitting Plaintiff's personal information to a third-party letter vendor. Plaintiff contends that the disclosure affected his reputation regarding the repayment of debts, his reputation of truthfulness, his reputation of solvency, and his reputation regarding trustworthiness. [¶ 23].

On May 20, 2021, MRS removed this action to this Court based on 28 U.S.C. § 1441(b) because the Complaint presents a federal question. [ECF No. 1]. On May 31, 2021, Plaintiff filed a Motion to Remand. [ECF No. 6].

---

[3] All further references to the Complaint will be by paragraph number only.

[4] On May 25, 2021, counsel for defendants in *Hunstein* filed its Petition for Rehearing *en banc*. The Petition asserts that the *Hunstein* panel of judges erred in its April 21, 2021 decision and requests that the Eleventh Circuit rehear the matter *en banc*.

## LEGAL STANDARD

A defendant may remove an action to a federal court if that court has original jurisdiction over the action. 28 U.S.C. § 1441(a). District Courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[T]he burden of proving jurisdiction lies with the removing defendant." W*illiams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

Section 1441(b) provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L.Ed.2d 318 (1987).

The Eleventh Circuit has held that "[w]hether a claim 'arises under' federal law 'is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Dunlap v. G & L Holding Group, Inc.*, 381 F.3d 1285, 1290 (11th Cir.2004), *citing Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

## ARGUMENT

The basis of Plaintiff's Motion to Remand is that MRS failed to meet its burden of demonstrating that Plaintiff sufficiently alleged Article III standing in his Complaint. However, an analysis of the most applicable Eleventh Circuit Court of Appeals precedent supports the conclusion that there is a sufficient injury-in-fact to confer standing.

**I.      Plaintiff Alleges Injuries-in-Fact Sufficient to Support Article III Standing in Light of the Eleventh Circuit's Decision in *Hunstein*.**

In his Complaint, Plaintiff cites to *Hunstein* for the proposition that a violation of § 1692c(b) of the FDCPA gives rise to a concrete injury-in-fact under Article III. [¶ 35]. In *Hunstein*, plaintiff incurred a debt to a hospital arising from his son's medical treatment. *Hunstein v. Preferred Collection and Management Services, Inc.*, 2019 WL 5578878, at *1 (M.D. Fla. Oct. 29, 2019). The hospital assigned the debt to a collection agency, which hired a commercial mail vendor to handle the collection process. *Id.*, at *1. The collection agency electronically transmitted information to the mail vendor, including information about: (1) the plaintiff's status as a debtor, (2) the balance of his debt, (3) the entity to which he owed the debt, (4) that the debt concerned his son's medical treatment, and (5) the plaintiff's son's name. *Id.* The mail vendor used the information to generate and send a dunning letter to the plaintiff. *Id.*

Like in this case, in *Hunstein*, the plaintiff filed suit against the collection agency for purported violations of § 1692c(b) of the FDCPA. Section 1692c(b) of the FDCPA prohibits debt collectors from communicating consumers' personal information to third parties "in connection with the collection of any debt." 15 U.S.C. § 1692c(b). The United States District Court for the Middle District of Florida granted the collection agency's motion to dismiss for failure to state a claim, ruling that the transmittal to the mail vendor was not a communication "in connection with the collection of a[ny] debt." 2019 WL 5578878, at *3. The plaintiff appealed.

On appeal, the Eleventh Circuit reversed and remanded, holding that: "(1) a violation of § 1692c(b) gives rise to an injury-in-fact under Article III; and (2) a collection agency's transmittal of a consumer's personal information to a dunning vendor constitutes a communication 'in connection with the collection of any debt' within the meaning of § 1692c(b)". *Id.*

With respect to the Article III standing prong, the Eleventh Circuit noted that a violation of a statutory procedural right can confer Article III standing, depending on the "history and the judgment of Congress." *Hunstein*, 994 F.3d at 1347, *citing Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016).  As to history, the court's inquiry was whether the statutory violation resulted in harm that has been recognized as actionable by English and American courts.  *Hunstein*, at 1347.  The Eleventh Circuit reasoned that for more than a century, American courts have allowed tort actions for invasion of privacy, noting that the tort of invasion of privacy includes "public disclosure of private facts."  *Id.* at 1347 ("Indeed, the Supreme Court itself has recognized "the individual interest in avoiding disclosure of personal matters" and has recognized that "both the common law and the literal understandings of privacy encompass the individual's control of information concerning his or her person") (internal citations omitted).

The Eleventh Circuit ruled that a violation of § 1692c(b) was analogous to the tort of invasion of privacy based on the public disclosure of private facts.  *Id.* at 1348.  Specifically, the Eleventh Circuit emphasized that in a section of the FDCPA titled "Congressional findings and declaration of purpose," Congress identified "invasions of individual privacy" as one of the harms against which the statute is directed.  *Id.* at 1347.  In fact, § 1692c(b) prohibits a debt collector from "communicat[ing]" with any but a few persons or entities "in connection with the collection of any debt."

Ultimately, the Eleventh Circuit concluded that § 1692c(b) prohibits the disclosure of personal information and noted that "the judgment of Congress" favored recognizing the plaintiff's standing.  *See Id.* at 1347 ("Although § 1692c(b) isn't identical in all respects to the invasion-of-privacy tort, we have no difficulty concluding that it bears 'a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or

American courts.'"). The Eleventh Circuit reiterated that Congress identified "invasion[ ] of individual privacy" as one of the harms against which the statute is directed. The Eleventh Circuit held:

> Because (1) § 1692c(b) bears a close relationship to a harm that American courts have long recognized as cognizable and (2) Congress's judgment indicates that violations of § 1692c(b) constitute a concrete injury, we conclude that Hunstein has the requisite standing to sue.

*Id.* at 1348-1349. Accordingly, based on the Eleventh Circuit's decision in *Hunstein*, a plaintiff has standing to challenge a debt collector's transmission of plaintiff's personal information to the debt collector's third-party mailing vendor.

In this case, like in *Hunstein*, Plaintiff asserts privacy violations based on § 1692c(b) of the FDCPA based on identical actions taken by a collection agency. While he relies upon *Hunstein* to provide a basis for his claims, Plaintiff requests that this Court not rely upon *Hunstein* with regard to standing. In light of the Eleventh Circuit's decision in *Hunstein*, Plaintiff has sufficiently asserted allegations in his Complaint in support of Article III Standing. Unless the Eleventh Circuit grants the Petition for Hearing *en banc* and alters its decision in *Hunstein*, Plaintiff's Motion to Remand should be denied.

**II.     This Court Should Stay its Decision on Plaintiff's Motion to Remand.**

On May 25, 2021, counsel for defendants in *Hunstein* filed its Petition for Rehearing *en banc*. The Petition asserts that the *Hunstein* panel of judges erred in itsits April 21, 2021 decision and requests that the Eleventh Circuit rehear the matter e*n banc*. Specifically, the Petition contends that the panel's decision is contrary to the following decisions of the Supreme Court of the United States and the precedents of the Eleventh Circuit: *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016), as revised (May 24, 2016); *Nicklaw v. CitiMortgage, Inc.*,

839 F.3d 998 (11th Cir. 2016); *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990 (11th Cir. 2020); and *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917 (11th Cir. 2020) (*en banc*).

While the Eleventh Circuit decides whether to grant the request for a rehearing *en banc*, MRS respectfully requests that this Court stay a decision on Plaintiff's Motion to Remand. *See Diaz v. Martin*, 2021 WL 2255126, at *1 (S.D.Fla. June 3, 2021), citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket.").

**III.    There is No Basis for an Award of Plaintiff's Attorneys Fees or Costs.**

In his Motion to Remand, Plaintiff requests an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). [ECF No. 6 at p. 3]. The award of attorney's fees in connection with a remand is a discretionary matter. *See*, 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

MRS requests that this Court deny Plaintiff's motion for attorney's fees because the Supreme Court has directed that "[a]bsent unusual circumstances, courts may award attorney fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (emphasis added). Accordingly, "when an objectively reasonable basis exists, fees should be denied." *Id*. The Supreme Court in *Martin* explicitly rejected the notion that the statute created a presumption in favor of awarding fees and explained that § 1447(c) only authorized an award of costs and fees when such an award was just. *Id.* at 709-10. "The reasonableness standard was ultimately the result of balancing 'the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic

decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Bauknight v. Monroe County, Fla.*, 446 F.3d 1327 (11th Cir. 2006), citing *Martin*, at 711.

As set forth *supra*, MRS had an objectively reasonable basis for seeking removal, including that Plaintiff's allegations in his Complaint: (i) set forth an injury-in-fact sufficient to support Plaintiff's standing in this Court, and (ii) present a federal question. Moreover, in support of its removal, MRS relied upon the very same case that Plaintiff relies upon. Therefore, all elements necessary for subject matter jurisdiction have been met. Accordingly, the Court should deny Plaintiff's motion for attorney's fees because MRS's position in support of removal is objectively reasonable.

## **CONCLUSION**

In light of the above, MRS respectfully requests that the Court deny Plaintiff's Motion for Remand and request for attorney's fees and costs. Alternatively, MRS requests that the Court deny Plaintiff's request for attorney's fees and costs and stays its decision regarding Plaintiff's Motion to Remand, pending the outcome of the Petition for Rehearing on *en banc* currently pending before the Eleventh Circuit.

/s/ Ronald S. Canter
Ronald S. Canter, Esq., Bar # 335045
The Law Offices of Ronald S. Canter, LLC
200A Monroe Street, Suite 104
Rockville, Maryland 20850
Telephone: (301) 424-7490
Facsimile: (301) 424-7470
rcanter@roncanterllc.com

*Local address:*
400 S. Dixie Hwy #322
Boca Raton, Florida 33432

*Attorneys for Defendant MRS BPO, LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 22, 2021, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service, upon the following:

    Jibrael S. Hindi, Esq.
    Thomas J. Patti, Esq.
    The Law Offices of Jibrael S. Hindi
    110 SE 6th Street Suite 1744
    Ford Lauderdale, FL 33301
    *Counsel for Plaintiff*

                                          /s/ Ronald S. Canter
                                          Ronald S. Canter, Esq.