UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CIVIL ACTION NO.:  0:21-CV-61065-RKA**

_____

MICHEL RIVERA,

    Plaintiff,

v.

MRS BPO, LLC

    Defendant.

_____

**CIVIL ACTION NO.:  0:21-CV-61405-RS**

_____

EDWIN ETIENNE,

    Plaintiff,

v.

MRS BPO, LLC,

    Defendant.

_____

**CIVIL ACTION NO.: 0:21-CV-61570-AHS**

_____

JOHANNA RAMLOCHAN,

    Plaintiff,

v.

MRS BPO, LLC,

    Defendant.

_____

**CIVIL ACTION NO.: 0:21-CV-61543-RS**

_____

MAAZ ISRAR,

   Plaintiff,

v.

MRS BPO, LLC,

   Defendant.

_____

**CIVIL ACTION NO.: 1:21-CV-22861-KMW**

_____

GUSTAVO ARAUJO,

   Plaintiff,

v.

MRS BPO, LLC,

   Defendant.

_____

**CIVIL ACTION NO.: 1:21-CV-22862-BB**

_____

NICHOLAS GUASTO,

   Plaintiff,

v.

MRS BPO, LLC,

   Defendant.

_____

## DEFENDANT'S NOTICE OF PENDING, REFILED, RELATED OR SIMILAR ACTIONS

Defendant MRS BPO, LLC ("MRS") submits this notice pursuant to Local Rule 3.8 and the District's Internal Operating Procedure ("IOP") 2.15.00. MRS asserts that the above-captioned matters are related or similar actions and request that the assigned Judges agree to assign the six matters to Judge Altman, as the *Rivera* matter pending before Judge Altman is the earlier filed case and thus deemed the lowered-numbered file for purposes of reassignment. In support of this notice, MRS states the following:

On April 27, 2021, Plaintiff *Rivera* filed his lawsuit in the County Court of the Seventeenth Judicial Circuit for Broward County, Florida. On April 30, 2021, Plaintiff *Rivera* served MRS. On May 20, 2021, MRS removed the matter to this Court. On May 26, 2021, MRS filed a Motion for Extension of Time to File a Response to the Complaint through June 10, 2021. On June 8, 2021, MRS filed its Answer. On July 1, 2021, MRS filed an Amended Answer and on July 9, 2021, MRS filed a Second Amended Answer.

In his 40-paragraph Complaint, Plaintiff *Rivera* claims that MRS violated the FDCPA and FCCPA because it allegedly sent his debt information to a third-party letter vendor and likely to other vendors. (Compl. ¶¶ 20-32.) Plaintiff *Rivera's* claim is based upon the recent Eleventh Circuit Court of Appeals decision in *Hunstein v. Preferred Collection & Management Services*. (*Id.* ¶ 28.)

Similarly, on June 3, 2021, June 23, 2021, July 3, 2021 and July 4, 2021 counsel for Plaintiff *Rivera* filed five identical claims for other consumers, the first being for *Edwin Etienne*, the second for *Johanna Ramlochan*, the third for *Maaz Israr*, the fourth for *Nicholas Guasto* and the fifth for *Gustavo Araujo*, three filed in the County Court of the Seventeenth Judicial Circuit for Broward County, Florida and two filed in the Eleventh Judicial Circuit Court for Miami-Dade

County, Florida. MRS was served in the *Etienne* matter on June 9, 2021, was served in the *Ramlochan* matter on June 23, 2021, was served in the *Israr* matter on July 8, 2021 and was served in the *Guasto* and *Araujo* matters on July 16, 2021. On July 8, 2021, MRS removed the *Etienne* matter to this district. On July 28, 2021, MRS removed the *Israr* matter to this district. On July 30, 2021, MRS removed the *Ramlochan* matter to this district. On August 6, 2021, MRS removed the *Guasto* and *Araujo* matters to this district. *Etienne* was assigned file number 0:21-cv-61405-RS, *Israr* was assigned file number 0:21-cv-61543-RS, *Ramlochan* was assigned file number 0:21-cv-61570-AHS, *Guasto* was assigned file number 1:21-cv-22862-BB and *Araujo* was assigned file number 1:21-cv-22861-KMW. On July 13, 2021, MRS filed its Answer in *Etienne*. On August 4, 2021, MRS filed its Answer in *Israr*. On August 5, 2021, MRS filed its Answer in *Ramlochan*. MRS's responses are due in *Guasto* and *Araujo* on August 13, 2021. The complaints filed in *Etienne*, *Israr*, *Ramlochan*, *Guasto* and *Araujo* contain the same number of paragraphs (40) and make the same allegations regarding the alleged improper transmission of information to vendors. (Compls. ¶¶ 20-32.) And as in the *Rivera* matter, the *Etienne*, *Israr*, *Ramlochan, Guasto* and *Araujo* matters rely upon the *Hunstein* decision. (*Id.* ¶ 28.) In fact, the only thing that appears different in each of the six complaints, other than the plaintiff, is the name of the creditor to whom each plaintiff allegedly owed money. Otherwise, the claims, alleged actions and damages/prayer for relief are apparently identical.

The applicable rules allow for the transfer of files to Judge Altman, as the *Rivera* lawsuit was the first of the six filed in this District and randomly assigned a Judicial Officer. Local Rule 3.8 provides the following:

> It shall be the continuing duty of the attorneys of record in every action or proceeding to bring promptly to the attention of the Court and opposing counsel the existence of other actions or proceedings as described in Section 2.15.00 of the Court's Internal Operating

> Procedures, as well as the existence of any similar actions or proceedings then pending before another court or administrative agency. Such notice shall be given by filing with the Court and serving a "Notice of Pending, Refiled, Related or Similar Actions," containing a list and description thereof sufficient for identification.

IOP 2.15.00 provides the following:

> Whenever an action or proceeding is filed in the Court which involves subject matter which is a material part of the subject matter of another action or proceeding then pending before this Court, or for other reasons the disposition thereof would appear to entail the unnecessary duplication of judicial labor if heard by a different Judge, the Judges involved shall determine whether the higher-numbered action or proceeding shall be transferred to the Judge assigned to the lower-numbered action.

Finally, IOP 2.06.00 provides that "the "lower-numbered" case refers to the earlier-filed case.

The plaintiffs are represented by the same firm, MRS is the defendant in all six actions and has the same counsel in all six actions, and the legal theories are identical. In fact, all six complaints are essentially identical. Thus, keeping the six matters with different Judges would likely "entail the unnecessary duplication of judicial labor if heard by" different judges. (IOP 2.15.00.) Thus, MRS requests that the Judges assigned to these matters determine if they should be placed with Judge Altman.

        THE LAW OFFICES
         OF RONALD S. CANTER, LLC

/s/ Ronald S. Canter
Ronald S. Canter, Esquire, Bar #335045
200A Monroe Street, Suite 104
Rockville, Maryland 20850
Telephone:  (301) 424-7490
Facsimile:   (301) 424-7470
E-Mail:  rcanter@roncanterllc.com

400 S. Dixie Hwy #322
Boca Raton, Florida  33432
*Local Address*

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by electronic notification via CM/ECF system on this 9th day of August, 2021 to:

    Jibrael S. Hindi, Esq.
    jibrael@jibraellaw.com
    Thomas J. Patti, Esq.
    tom@jibraellaw.com
    *Counsel for Plaintiff*

        /s/ Ronald S. Canter
        Ronald S. Canter, Esquire
        *Attorney for Defendant*