UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:21-cv-61065-RKA[1]

**GUSTAVO ARAUJO**,
**EDWIN ETIENNE**,
**NICHOLAS GUASTO**,
**JOHANNA RAMLOCHAN**,
**MAAZ ISRAR**, and
**MICHEL RIVERA**

     Plaintiffs,

v.

**MRS BPO, LLC**,

     Defendant.
_____/

# CONSOLIDATED COMPLAINT

Plaintiffs Gustavo Araujo, Edwin Etienne, Nicholas Guasto, Johanna Ramlochan, Maaz Israr, and Michel Rivera (collectively, the "Plaintiffs") sues Defendant MRS BPO, LLC ("Defendant" or "MRS-BPO") for violation of the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiffs resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

---

[1] This is a consolidation action, whereby the following six (6) cases have been consolidated into a single action: **[1]** Case No. 1:21-cv-22861; **[2]** Case No. 0:21-cv-61405; **[3]** Case No. 1:21-cv-22862; **[4]** Case No. 0:21-cv-61543; **[5]** Case No. 0:21-cv-61570; and **[6]** Case No. 0:21-cv-61065.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## PARTIES

3. Plaintiff Gustavo Araujo ("Araujo") is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

4. Plaintiff Edwin Etienne ("Etienne") is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

5. Plaintiff Nicholas Guasto ("Guasto") is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

6. Plaintiff Johanna Ramlochan ("Ramlochan") is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

7. Plaintiff Maaz Israr ("Israr") is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

8. Plaintiff Michel Rivera ("Rivera") is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

9. Defendant is a Missouri corporation, with its principal place of business located in Earth City, Missouri.

## DEMAND FOR JURY TRIAL

10. Plaintiffs, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS COMMON TO ALL PLAINTIFFS

11. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

12. Defendant is a business entity engaged in the business of collecting consumer debts.

13. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

PAGE | **2** of **13**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

14. Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

15. Defendant's "Consumer Collection Agency" license number is CCA0900813.

16. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

17. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

18. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF ARAUJO

19. On a date better known by Defendant, Defendant began attempting to collect a debt (the "Araujo Debt") from Araujo.

20. The Araujo Debt is an obligation allegedly had by Araujo to pay money arising from a transaction between the creditor of the Araujo Debt, JPMorgan Chance Bank, and Araujo involving the provision of an unsecured line of credit for Araujo's personal benefit ("Subject Service #1").

21. Subject Service #1 was primarily for personal, family, or household purposes.

22. On a date better known by Defendant, Defendant transmitted Araujo's personal information to a third-party (the "Third-Party").

23. The personal information Defendant transmitted to the Third-Party included, but was not limited to: [1] Araujo's name; [2] Araujo's address; [3] the existence of the Araujo Debt; [4] the amount of the Araujo Debt; [5] the creditor of the Araujo Debt; [6] that Araujo was the alleged debtor of the Araujo Debt; [7] information regarding Subject Service #1; and [8] that Araujo did not pay the Araujo Debt and/or defaulted on the Araujo Debt.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

24. The Third-Party, of whom Defendant transmitted Araujo's personal information to, complied Araujo's personal information and prepared a letter that was to be sent to Araujo in an attempt to collect the Araujo Debt.

25. Defendant's transmission of Araujo's personal information to the Third-Party was a communication in connection with the collect of the Araujo Debt.

26. In addition to transmitting Araujo's personal information to the Third-Party, Defendant also transmitted Araujo's personal information to other third-party entities in connection with the collection of the Araujo Debt. Defendant transmitted such information to these other third-party entities by, including but not limited to: **[1]** utilizing "skip trace" services; **[2]** utilizing bankruptcy, SCRA, probate, and other "scrubbing" services; and **[3]** utilizing independent third-party contractors to attempt to collect the Araujo Debt from Araujo.

27. On a date better known by Defendant, Defendant sent the letter prepared and/or complied by the Third-Party to Araujo, of which was internally dated July 08, 2020, (the "Araujo Letter") in an attempt to collect the Araujo Debt.

28. Attached as Exhibit "A" is a copy of Araujo Letter.

29. Defendant's transmission of Araujo's personal information to the Third-Party is an explicit violation of § 1692c(b) of the FDCPA.

30. The Araujo Letter contains a bar code, discreet tracking numbers, and/or Quick Response ("QR") code, of which are indicative of Defendant's use of the Third-Party to prepare, print, package, compile, and/or otherwise send the Araujo Letter.

## **ALLEGATIONS OF ETIENNE**

31. On a date better known by Defendant, Defendant began attempting to collect a debt (the "Etienne Debt") from Etienne.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

32. The Etienne Debt is an obligation allegedly had by Etienne to pay money arising from a transaction between the original creditor of the Etienne Debt, Santander Credit USA, and Etienne involving the provision of a secured line of credit for Etienne's personal benefit ("Subject Service #2").

33. Subject Service #2 was primarily for personal, family, or household purposes.

34. On a date better known by Defendant, Defendant transmitted Etienne's personal information the Third-Party.

35. The personal information Defendant transmitted to the Third-Party included, but was not limited to: [1] Etienne's name; [2] Etienne's address; [3] the existence of the Etienne Debt; [4] the amount of the Etienne Debt; [5] the creditor of the Etienne Debt; [6] that Etienne was the alleged debtor of the Etienne Debt; [7] information regarding Subject Service #2; and [8] that Etienne did not pay the Etienne Debt and/or defaulted on the Etienne Debt.

36. The Third-Party, of whom Defendant transmitted Etienne's personal information to, complied Etienne's personal information and prepared a letter that was to be sent to Etienne in an attempt to collect the Etienne Debt.

37. Defendant's transmission of Etienne's personal information to the Third-Party was a communication in connection with the collect of the Etienne Debt.

38. In addition to transmitting Etienne's personal information to the Third-Party, Defendant also transmitted Etienne's personal information to other third-party entities in connection with the collection of the Etienne Debt. Defendant transmitted such information to these other third-party entities by, including but not limited to: **[1]** utilizing "skip trace" services; **[2]** utilizing bankruptcy, SCRA, probate, and other "scrubbing" services; and **[3]** utilizing independent third-party contractors to attempt to collect the Etienne Debt from Etienne.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

39. On a date better known by Defendant, Defendant sent the letter prepared and/or complied by the Third-Party to Etienne, of which was internally dated December 03, 2020, (the "Etienne Letter") in an attempt to collect the Etienne Debt.

40. Attached as Exhibit "B" is a copy of Etienne Letter.

41. Defendant's transmission of Etienne's personal information to the Third-Party is an explicit violation of § 1692c(b) of the FDCPA.

42. The Etienne Letter contains a bar code, discreet tracking numbers, and/or a QR code, of which are indicative of Defendant's use of the Third-Party to prepare, print, package, compile, and/or otherwise send the Etienne Letter.

## **ALLEGATIONS OF GUASTO**

43. On a date better known by Defendant, Defendant began attempting to collect a debt (the "Guasto Debt") from Guasto.

44. The Guasto Debt is an obligation allegedly had by Guasto to pay money arising from a transaction between the creditor of the Guasto Debt, Affirm Virtual Card, and Guasto involving the provision of an unsecured line of credit for Guasto's personal benefit ("Subject Service #3").

45. Subject Service #3 was primarily for personal, family, or household purposes.

46. On a date better known by Defendant, Defendant transmitted Guasto's personal information the Third-Party.

47. The personal information Defendant transmitted to the Third-Party included, but was not limited to: [1] Guasto's name; [2] Guasto's address; [3] the existence of the Guasto Debt; [4] the amount of the Guasto Debt; [5] the creditor of the Guasto Debt; [6] that Guasto was the

alleged debtor of the Guasto Debt; [7] information regarding the Subject Service #3; and [8] that Guasto did not pay the Guasto Debt and/or defaulted on the Guasto Debt.

48. The Third-Party, of whom Defendant transmitted Guasto's personal information to, complied Guasto's personal information and prepared a letter that was to be sent to Guasto in an attempt to collect the Guasto Debt.

49. Defendant's transmission of Guasto's personal information to the Third-Party was a communication in connection with the collect of the Guasto's Debt.

50. In addition to transmitting's personal information to the Third-Party, Defendant also transmitted Guasto's personal information to other third-party entities in connection with the collection of the Guasto Debt. Defendant transmitted such information to these other third-party entities by, including but not limited to: **[1]** utilizing "skip trace" services; **[2]** utilizing bankruptcy, SCRA, probate, and other "scrubbing" services; and **[3]** utilizing independent third-party contractors to attempt to collect the Guasto Debt from Guasto.

51. On a date better known by Defendant, Defendant sent the letter prepared and/or complied by the Third-Party to Guasto, of which was internally dated May 07, 2021, (the "Guasto Letter") in an attempt to collect the Guasto Debt.

52. Attached as Exhibit "C" is a copy of Guasto Letter.

53. Defendant's transmission of Guasto's personal information to the Third-Party is an explicit violation of § 1692c(b) of the FDCPA.

54. The Guasto Letter contains a bar code, discreet tracking numbers, and/or a QR code, of which are indicative of Defendant's use of the Third-Party to prepare, print, package, compile, and/or otherwise send the Guasto Letter.

## **ALLEGATIONS OF RAMLOCHAN**

55. On a date better known by Defendant, Defendant began attempting to collect a debt (the "Ramlochan Debt") from Ramlochan.

56. The Ramlochan Debt is an obligation allegedly had by Ramlochan to pay money arising from a transaction between the creditor of the Ramlochan Debt, JPMorgan Chase Bank, and Ramlochan involving the provision of an unsecured line of credit for Ramlochan's personal benefit ("Subject Service #4").

57. Subject Service #4 was primarily for personal, family, or household purposes.

58. On a date better known by Defendant, Defendant transmitted Ramlochan's personal information the Third-Party.

59. The personal information Defendant transmitted to the Third-Party included, but was not limited to: [1] Ramlochan's name; [2] Ramlochan's address; [3] the existence of the Ramlochan Debt; [4] the amount of the Ramlochan Debt; [5] the creditor of the Ramlochan Debt; [6] that Ramlochan was the alleged debtor of the Ramlochan Debt; [7] information regarding the Subject Service #4; and [8] that Ramlochan did not pay the Ramlochan Debt and/or defaulted on the Ramlochan Debt.

60. The Third-Party, of whom Defendant transmitted Ramlochan's personal information to, complied Ramlochan's personal information and prepared a letter that was to be sent to Ramlochan in an attempt to collect the Ramlochan Debt.

61. Defendant's transmission of Ramlochan's personal information to the Third-Party was a communication in connection with the collect of the Ramlochan Debt.

62. In addition to transmitting Ramlochan's personal information to the Third-Party, Defendant also transmitted Ramlochan's personal information to other third-party entities in

connection with the collection of the Ramlochan Debt. Defendant transmitted such information to these other third-party entities by, including but not limited to: **[1]** utilizing "skip trace" services; **[2]** utilizing bankruptcy, SCRA, probate, and other "scrubbing" services; and **[3]** utilizing independent third-party contractors to attempt to collect the Ramlochan Debt from Ramlochan.

63. On a date better known by Defendant, Defendant sent the letter prepared and/or complied by the Third-Party to Ramlochan, of which was internally dated January 04, 2021, (the "Ramlochan Letter") in an attempt to collect the Ramlochan Debt.

64. Attached as Exhibit "D" is a copy of Ramlochan Letter.

65. Defendant's transmission of Ramlochan's personal information to the Third-Party is an explicit violation of § 1692c(b) of the FDCPA.

66. The Ramlochan Letter contains a bar code, discreet tracking numbers, and/or a QR code, of which are indicative of Defendant's use of the Third-Party to prepare, print, package, compile, and/or otherwise send the Ramlochan Letter.

## ALLEGATIONS OF ISRAR

67. On a date better known by Defendant, Defendant began attempting to collect a debt (the "Israr Debt") from Israr.

68. The Israr Debt is an obligation allegedly had by Israr to pay money arising from a transaction between the creditor of the Israr Debt, National Collegiate, and Israr involving the provision of an unsecured loan for Israr's personal benefit ("Subject Service #5").

69. Subject Service #5 was primarily for personal, family, or household purposes.

70. On a date better known by Defendant, Defendant transmitted Israr's personal information the Third-Party.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

71. The personal information Defendant transmitted to the Third-Party included, but was not limited to: [1] Israr's name; [2] Israr's address; [3] the existence of the Israr Debt; [4] the amount of the Israr Debt; [5] the creditor of the Israr Debt; [6] that Israr was the alleged debtor of the Israr Debt; [7] information regarding Subject Service #5; and [8] that Israr did not pay the Israr Debt and/or defaulted on the Israr Debt.

72. The Third-Party, of whom Defendant transmitted Israr's personal information to, complied Israr's personal information and prepared a letter that was to be sent to Israr in an attempt to collect the Israr Debt.

73. Defendant's transmission of Israr's personal information to the Third-Party was a communication in connection with the collect of the Israr Debt.

74. In addition to transmitting Israr's personal information to the Third-Party, Defendant also transmitted Israr's personal information to other third-party entities in connection with the collection of the Israr Debt. Defendant transmitted such information to these other third-party entities by, including but not limited to: **[1]** utilizing "skip trace" services; **[2]** utilizing bankruptcy, SCRA, probate, and other "scrubbing" services; and **[3]** utilizing independent third-party contractors to attempt to collect the Israr Debt from Israr.

75. On a date better known by Defendant, Defendant sent the letter prepared and/or complied by the Third-Party to Israr, of which was internally dated March 03, 2021, (the "Israr Letter") in an attempt to collect the Israr Debt.

76. Attached as Exhibit "E" is a copy of Israr Letter.

77. Defendant's transmission of Israr's personal information to the Third-Party is an explicit violation of § 1692c(b) of the FDCPA.

PAGE | **10** of 13

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

78. The Israr Letter contains a bar code, discreet tracking numbers, and/or a QR code, of which are indicative of Defendant's use of the Third-Party to prepare, print, package, compile, and/or otherwise send the Israr Letter.

## **ALLEGATIONS OF RIVERA**

79. On a date better known by Defendant, Defendant began attempting to collect a debt (the "Rivera Debt") from Rivera.

80. The Rivera Debt is an obligation allegedly had by Rivera to pay money arising from a transaction between the creditor of the Rivera Debt, Volkswagen Credit, and Rivera involving the provision of a secured line of credit for Rivera's personal benefit ("Subject Service #6").

81. Subject Service #6 was primarily for personal, family, or household purposes.

82. On a date better known by Defendant, Defendant transmitted Rivera's personal information the Third-Party.

83. The personal information Defendant transmitted to the Third-Party included, but was not limited to: [1] Rivera's name; [2] Rivera's address; [3] the existence of the Rivera Debt; [4] the amount of the Rivera Debt; [5] the creditor of the Rivera Debt; [6] that Rivera was the alleged debtor of the Rivera Debt; [7] information regarding Subject Service #6; and [8] that Rivera did not pay the Rivera Debt and/or defaulted on the Rivera Debt.

84. The Third-Party, of whom Defendant transmitted Rivera's personal information to, complied Rivera's personal information and prepared a letter that was to be sent to Rivera in an attempt to collect the Rivera Debt.

85. Defendant's transmission of Rivera's personal information to the Third-Party was a communication in connection with the collect of the Rivera Debt.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

86. In addition to transmitting Rivera's personal information to the Third-Party, Defendant also transmitted Rivera's personal information to other third-party entities in connection with the collection of the Rivera Debt. Defendant transmitted such information to these other third-party entities by, including but not limited to: **[1]** utilizing "skip trace" services; **[2]** utilizing bankruptcy, SCRA, probate, and other "scrubbing" services; and **[3]** utilizing independent third-party contractors to attempt to collect the Rivera Debt from Rivera.

87. On a date better known by Defendant, Defendant sent the letter prepared and/or complied by the Third-Party to Rivera, of which was internally dated April 1, 2021, (the "Rivera Letter") in an attempt to collect the Rivera Debt.

88. Attached as Exhibit "F" is a copy of Rivera Letter.

89. Defendant's transmission of Rivera's personal information to the Third-Party is an explicit violation of § 1692c(b) of the FDCPA.

90. The Rivera Letter contains a bar code, discreet tracking numbers, and/or a QR code, of which are indicative of Defendant's use of the Third-Party to prepare, print, package, compile, and/or otherwise send the Rivera Letter.

## COUNT 1
## VIOLATION OF 15 U.S.C. § 1692c(b)

91. Plaintiffs incorporates by reference ¶¶ 11-90 of this Consolidated Complaint.

92. Pursuant to § 1692c(b) of the FDCPA, "*a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.*" 15 U.S.C. 1692c(b) (emphasis added).

93. As set forth above, Defendant's transmission of Plaintiffs' personal information to the Third-Party violates § 1692c(b) of the FDCPA. *See* Hunstein, No. 19-14434, 2021 U.S. App.

LEXIS 11648 ("[w]e hold (1) that a violation of § 1692c(b) gives rise to a concrete injury in fact under Article III and (2) that the debt collector's transmittal of the consumer's personal information to its dunning vendor constituted a communication 'in connection with the collection of any debt' within the meaning of § 1692c(b)."). Accordingly, Defendant violated § 1692c(b) of the FDCPA when it transmitted Plaintiffs' personal information to the Third-Party.

94.     WHEREFORE, Plaintiffs, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiffs, each, the following relief: **[1]** Statutory and actual damages as provided by 15 U.S.C. § 1692k; **[2]** Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and **[3]** Any other relief that this Court deems appropriate under the circumstances.

DATED: August 31, 2021

Respectfully Submitted,

 /s/ Thomas J. Patti                              .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:     jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:     tom@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:           855-529-9540

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 31, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

 /s/ Thomas J. Patti                              .
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377