**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 0:21-cv-61065-RKA**

NICHOLAS GUASTO,
MARLINE JOSEPH,
MAAZ ISRAR,
LAKESHA WILSON,
JOHANNA RAMLOCHAN,
ALFORD RAMLOCHAN,
JEFFREY COHEN,
GUSTAVO ARAUJO,
EDWIN ETIENNE,
DEIDRE JORDAN,
DAVID ORTIZ,
BASSEM FAYAD,
ANEITA BAILY, and
ALFORD RAMLOCHAN,

       **Plaintiffs,**

v.

MRS BPO, LLC,

       **Defendant.**

_____/

**THIRD AMENDED CONSOLIDATED COMPLAINT**

Plaintiffs Nicholas Guasto, Marline Joseph, Maaz Israr, Lakesha Wilson, Johanna Ramlochan, Alford Ramlochan, Jeffrey Cohen, Gustavo Araujo, Edwin Etienne, Deidre Jordan, David Ortiz, Bassem Fayad, Aneita Baily, and Alford Ramlochan (collectively, the "Plaintiffs") sues Defendant MRS BPO, LLC ("Defendant") for violations the Fair Debt Collection Practices Act ("FDCPA").

**JURISDICTION AND VENUE**

1.     Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

2.      Venue in this District is proper because Plaintiffs resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

3.      Plaintiff Nicholas Guasto ("Plaintiff Guasto" or "Guasto") is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

4.      Plaintiff Marline Joseph ("Plaintiff Joseph" or "Joseph") is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

5.      Plaintiff Maaz Israr ("Plaintiff Israr" or "Israr") is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

6.      Plaintiff Lakesha Wilson ("Plaintiff Wilson" or "Wilson") is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

7.      Plaintiff Johanna Ramlochan ("Plaintiff J- Ramlochan" or "J- Ramlochan") is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

8.      Plaintiff Jeffrey Cohen ("Plaintiff Cohen" or "Cohen") is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

9.      Plaintiff Gustavo Araujo ("Plaintiff Araujo" or "Araujo") is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

10.     Plaintiff Edwin Etienne ("Plaintiff Etienne" or "Etienne") is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

11.     Plaintiff Deidre Jordan ("Plaintiff Jordan" or "Jordan") is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

12.     Plaintiff David Ortiz ("Plaintiff Ortiz" or "Ortiz") is a natural person, and a citizen of the State of Florida, residing in Saint Lucie, Florida.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

13.     Plaintiff Bassem Fayad ("Plaintiff Fayad" or "Fayad") is a natural person, and a citizen of the State of Florida, residing in Miami-Dade, Florida.

14.     Plaintiff Aneita Baily ("Plaintiff Baily" or "Baily") is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

15.     Plaintiff Alford Ramlochan ("Plaintiff A-Ramlochan" or "A-Ramlochan") is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

16.     Defendant is a Missouri corporation, with its principal place of business located in Earth City, Missouri.

## DEMAND FOR JURY TRIAL

17.     Plaintiffs, respectfully, demand a trial by jury on all counts and issues so triable.

## ALLEGATIONS

### ALLEGATIONS COMMON TO ALL PLAINTIFFS

18.     Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

19.     Defendant is a business entity engaged in the business of collecting consumer debts.

20.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

21.     Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

22.     Defendant's "Consumer Collection Agency" license number is CCA0900813.

23.     Defendant does not maintain all the records specified in Rule 69V-180.080, Florida Administrative Code.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

24.     The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are not current to within one week of the current date.

25.     For example, Defendant does not maintain and keep updated within seven (7) days the records required by, *inter alia*, Florida Administrative Code Rule 180.080(1), (3), (6), (7), (9), (10), and (11).

26.     Further, Defendant does not have written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

27.     Defendant cannot lawfully collect consumer debts from Florida consumers because Defendant failed to maintain a valid registration.

28.     Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

29.     Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

30.     On a date better known by Defendant, Defendant began attempting to collect the below defined debts from Plaintiffs (collectively, the "Consumer Debts").

31.     Attached as Composite Exhibit "A" is a copy of the below-defined collection letters received by the Plaintiffs.

### ALLEGATIONS OF PLAINTIFF GUASTO

32.     On a date better known by Defendant, Defendant began attempting to a debt from Plaintiff Guasto (the "Guasto Debt").

33.     The Guasto Debt is an obligation allegedly had by Plaintiff Guasto to pay money arising from a transaction between the creditor of the Guasto Debt, Affirm Inc, and Plaintiff Guasto ("Subject Service #1").

34.     Subject Service #1 was primarily for personal, family, or household purposes.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

35.     On a date better known by Defendant, Defendant transmitted the personal information of Plaintiff Guasto to an unidentified third-party (the "Third-Party").

36.     The personal information Defendant transmitted to the Third-Party included, but was not limited to: [1] Plaintiff Guasto's name; [2] Plaintiff Guasto's address; [3] the existence of the Guasto's Debt; [4] the amount of the debt; [5] the creditor of the Guasto's Debt; [6] that Plaintiff Guasto's was the alleged debtor of the Guasto Debt; [7] information regarding Subject Service #1; and [8] that Plaintiff Guasto did not pay the Guasto Debt and/or defaulted on the Guasto Debt.

37.     The Third-Party, of whom Defendant transmitted Plaintiff Guasto's personal information to, complied Plaintiff Guasto's personal information and prepared a letter that was to be sent to Plaintiff Guasto in an attempt to collect the Guasto Debt.

38.     Defendant's transmission of Plaintiff Guasto's personal information to the Third Party was a communication in connection with the collect of the Guasto Debt.

39.     In addition to transmitting Plaintiff Guasto's personal information to the Third-Party, Defendant also transmitted Plaintiff Guasto's personal information to other third-party entities in connection with the collection of the Guasto Debt. Defendant transmitted such information to these other third-party entities by, including but not limited to: [1] utilizing "skip trace" services; [2] utilizing bankruptcy, SCRA, probate, and other "scrubbing" services; and [3] utilizing independent third-party contractors to attempt to collect the Guasto Debt from Plaintiff Guasto.

40.     On a date better known by Defendant, Defendant sent the letter prepared and/or complied by the Third-Party to Plaintiff Guasto (the "Guasto Collection Letter") in an attempt to collect the Guasto Debt.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

41.     The Guasto Collection Letter contains a bar code, discreet tracking numbers, and/or Quick Response ("QR") code, of which are indicative of Defendant's use of the Third-Party to prepare, print, package, compile, and/or otherwise send the Guasto Collection Letter.

### ALLEGATIONS OF PLAINTIFF JOSEPH

42.     On a date better known by Defendant, Defendant began attempting to a debt from Plaintiff Joseph (the "Joseph Debt").

43.     The Joseph Debt is an obligation allegedly had by Plaintiff Joseph to pay money arising from a transaction between the creditor of the Joseph Debt, JP Morgan Chase Bank, and Plaintiff Joseph ("Subject Service #2").

44.     Subject Service #2 was primarily for personal, family, or household purposes.

45.     On a date better known by Defendant, Defendant transmitted the personal information of Plaintiff Joseph to the Third-Party.

46.     The personal information Defendant transmitted to the Third-Party included, but was not limited to: [1] Plaintiff Joseph's name; [2] Plaintiff Joseph's address; [3] the existence of the Joseph's Debt; [4] the amount of the debt; [5] the creditor of the Joseph's Debt; [6] that Plaintiff Joseph's was the alleged debtor of the Joseph Debt; [7] information regarding Subject Service #2; and [8] that Plaintiff Joseph did not pay the Joseph Debt and/or defaulted on the Joseph Debt.

47.     The Third-Party, of whom Defendant transmitted Plaintiff Joseph's personal information to, complied Plaintiff Joseph's personal information and prepared a letter that was to be sent to Plaintiff Joseph in an attempt to collect the Joseph Debt.

48.     Defendant's transmission of Plaintiff Joseph's personal information to the Third Party was a communication in connection with the collect of the Joseph Debt.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

49.     In addition to transmitting Plaintiff Joseph's personal information to the Third-Party, Defendant also transmitted Plaintiff Joseph's personal information to other third-party entities in connection with the collection of the Joseph Debt. Defendant transmitted such information to these other third-party entities by, including but not limited to: [1] utilizing "skip trace" services; [2] utilizing bankruptcy, SCRA, probate, and other "scrubbing" services; and [3] utilizing independent third-party contractors to attempt to collect the Joseph Debt from Plaintiff Joseph.

50.     On a date better known by Defendant, Defendant sent the letter prepared and/or complied by the Third-Party to Plaintiff Joseph (the "Joseph Collection Letter") in an attempt to collect the Joseph Debt.

51.     The Joseph Collection Letter contains a bar code, discreet tracking numbers, and/or QR code, of which are indicative of Defendant's use of the Third-Party to prepare, print, package, compile, and/or otherwise send the Joseph Collection Letter.

### ALLEGATIONS OF PLAINTIFF ISRAR

52.     On a date better known by Defendant, Defendant began attempting to a debt from Plaintiff Israr (the "Israr Debt").

53.     The Israr Debt is an obligation allegedly had by Plaintiff Israr to pay money arising from a transaction between the creditor of the Israr Debt, National Collegiate, and Plaintiff Israr ("Subject Service #3").

54.     Subject Service #3 was primarily for personal, family, or household purposes.

55.     On a date better known by Defendant, Defendant transmitted the personal information of Plaintiff Israr to the Third-Party.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

56.     The personal information Defendant transmitted to the Third-Party included, but was not limited to: [1] Plaintiff Israr's name; [2] Plaintiff Israr's address; [3] the existence of the Israr's Debt; [4] the amount of the debt; [5] the creditor of the Israr's Debt; [6] that Plaintiff Israr's was the alleged debtor of the Israr Debt; [7] information regarding Subject Service #3; and [8] that Plaintiff Israr did not pay the Israr Debt and/or defaulted on the Israr Debt.

57.     The Third-Party, of whom Defendant transmitted Plaintiff Israr's personal information to, complied Plaintiff Israr's personal information and prepared a letter that was to be sent to Plaintiff Israr in an attempt to collect the Israr Debt.

58.     Defendant's transmission of Plaintiff Israr's personal information to the Third Party was a communication in connection with the collect of the Israr Debt.

59.     In addition to transmitting Plaintiff Israr's personal information to the Third-Party, Defendant also transmitted Plaintiff Israr's personal information to other third-party entities in connection with the collection of the Israr Debt. Defendant transmitted such information to these other third-party entities by, including but not limited to: [1] utilizing "skip trace" services; [2] utilizing bankruptcy, SCRA, probate, and other "scrubbing" services; and [3] utilizing independent third-party contractors to attempt to collect the Israr Debt from Plaintiff Israr.

60.     On a date better known by Defendant, Defendant sent the letter prepared and/or complied by the Third-Party to Plaintiff Israr (the "Israr Collection Letter") in an attempt to collect the Israr Debt.

61.     The Israr Collection Letter contains a bar code, discreet tracking numbers, and/or QR code, of which are indicative of Defendant's use of the Third-Party to prepare, print, package, compile, and/or otherwise send the Israr Collection Letter.

### ALLEGATIONS OF PLAINTIFF WILSON

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

62.     On a date better known by Defendant, Defendant began attempting to a debt from Plaintiff Wilson (the "Wilson Debt").

63.     The Wilson Debt is an obligation allegedly had by Plaintiff Wilson to pay money arising from a transaction between the creditor of the Wilson Debt, TD Bank, and Plaintiff Wilson ("Subject Service #4").

64.     Subject Service #4 was primarily for personal, family, or household purposes.

65.     On a date better known by Defendant, Defendant transmitted the personal information of Plaintiff Wilson to the Third-Party.

66.     The personal information Defendant transmitted to the Third-Party included, but was not limited to: [1] Plaintiff Wilson's name; [2] Plaintiff Wilson's address; [3] the existence of the Wilson's Debt; [4] the amount of the debt; [5] the creditor of the Wilson's Debt; [6] that Plaintiff Wilson's was the alleged debtor of the Wilson Debt; [7] information regarding Subject Service #4; and [8] that Plaintiff Wilson did not pay the Wilson Debt and/or defaulted on the Wilson Debt.

67.     The Third-Party, of whom Defendant transmitted Plaintiff Wilson's personal information to, complied Plaintiff Wilson's personal information and prepared a letter that was to be sent to Plaintiff Wilson in an attempt to collect the Wilson Debt.

68.     Defendant's transmission of Plaintiff Wilson's personal information to the Third Party was a communication in connection with the collect of the Wilson Debt.

69.     In addition to transmitting Plaintiff Wilson's personal information to the Third-Party, Defendant also transmitted Plaintiff Wilson's personal information to other third-party entities in connection with the collection of the Wilson Debt. Defendant transmitted such information to these other third-party entities by, including but not limited to: [1] utilizing "skip

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

trace" services; [2] utilizing bankruptcy, SCRA, probate, and other "scrubbing" services; and [3] utilizing independent third-party contractors to attempt to collect the Wilson Debt from Plaintiff Wilson.

70.     On a date better known by Defendant, Defendant sent the letter prepared and/or complied by the Third-Party to Plaintiff Wilson (the "Wilson Collection Letter") in an attempt to collect the Wilson Debt.

71.     The Wilson Collection Letter contains a bar code, discreet tracking numbers, and/or QR code, of which are indicative of Defendant's use of the Third-Party to prepare, print, package, compile, and/or otherwise send the Wilson Collection Letter.

### ALLEGATIONS OF PLAINTIFF J-RAMLOCHAN

72.     On a date better known by Defendant, Defendant began attempting to a debt from Plaintiff J-Ramlochan (the "J-Ramlochan Debt").

73.     The J-Ramlochan Debt is an obligation allegedly had by Plaintiff J-Ramlochan to pay money arising from a transaction between the creditor of the J-Ramlochan Debt, JP Morgan Chase Bank, and Plaintiff J-Ramlochan ("Subject Service #5").

74.     Subject Service #5 was primarily for personal, family, or household purposes.

75.     On a date better known by Defendant, Defendant transmitted the personal information of Plaintiff J-Ramlochan to the Third-Party.

76.     The personal information Defendant transmitted to the Third-Party included, but was not limited to: [1] Plaintiff J-Ramlochan's name; [2] Plaintiff J-Ramlochan's address; [3] the existence of the J-Ramlochan's Debt; [4] the amount of the debt; [5] the creditor of the J-Ramlochan's Debt; [6] that Plaintiff J-Ramlochan's was the alleged debtor of the J-Ramlochan

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Debt; [7] information regarding Subject Service #5; and [8] that Plaintiff J-Ramlochan did not pay the J-Ramlochan Debt and/or defaulted on the J-Ramlochan Debt.

77.    The Third-Party, of whom Defendant transmitted Plaintiff J-Ramlochan's personal information to, complied Plaintiff J-Ramlochan's personal information and prepared a letter that was to be sent to Plaintiff J-Ramlochan in an attempt to collect the J-Ramlochan Debt.

78.    Defendant's transmission of Plaintiff J-Ramlochan's personal information to the Third Party was a communication in connection with the collect of the J-Ramlochan Debt.

79.    In addition to transmitting Plaintiff J-Ramlochan's personal information to the Third-Party, Defendant also transmitted Plaintiff J-Ramlochan's personal information to other third-party entities in connection with the collection of the J-Ramlochan Debt. Defendant transmitted such information to these other third-party entities by, including but not limited to: [1] utilizing "skip trace" services; [2] utilizing bankruptcy, SCRA, probate, and other "scrubbing" services; and [3] utilizing independent third-party contractors to attempt to collect the J-Ramlochan Debt from Plaintiff J-Ramlochan.

80.    On a date better known by Defendant, Defendant sent the letter prepared and/or complied by the Third-Party to Plaintiff J-Ramlochan (the "J-Ramlochan Collection Letter") in an attempt to collect the J-Ramlochan Debt.

81.    The J-Ramlochan Collection Letter contains a bar code, discreet tracking numbers, and/or QR code, of which are indicative of Defendant's use of the Third-Party to prepare, print, package, compile, and/or otherwise send the J-Ramlochan Collection Letter.

### ALLEGATIONS OF PLAINTIFF A-RAMLOCHAN

82.    On a date better known by Defendant, Defendant began attempting to a debt from Plaintiff A-Ramlochan (the "A-Ramlochan Debt").

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

83.     The A-Ramlochan Debt is an obligation allegedly had by Plaintiff A-Ramlochan to pay money arising from a transaction between the creditor of the A-Ramlochan Debt, Chase Bank USA, and Plaintiff A-Ramlochan ("Subject Service #6").

84.     Subject Service #6 was primarily for personal, family, or household purposes.

85.     On a date better known by Defendant, Defendant transmitted the personal information of Plaintiff A-Ramlochan to the Third-Party.

86.     The personal information Defendant transmitted to the Third-Party included, but was not limited to: [1] Plaintiff A-Ramlochan's name; [2] Plaintiff A-Ramlochan's address; [3] the existence of the A-Ramlochan's Debt; [4] the amount of the debt; [5] the creditor of the A-Ramlochan's Debt; [6] that Plaintiff A-Ramlochan's was the alleged debtor of the A-Ramlochan Debt; [7] information regarding Subject Service #6; and [8] that Plaintiff A-Ramlochan did not pay the A-Ramlochan Debt and/or defaulted on the A-Ramlochan Debt.

87.     The Third-Party, of whom Defendant transmitted Plaintiff A-Ramlochan's personal information to, complied Plaintiff A-Ramlochan's personal information and prepared a letter that was to be sent to Plaintiff A-Ramlochan in an attempt to collect the A-Ramlochan Debt.

88.     Defendant's transmission of Plaintiff A-Ramlochan's personal information to the Third Party was a communication in connection with the collect of the A-Ramlochan Debt.

89.     In addition to transmitting Plaintiff A-Ramlochan's personal information to the Third-Party, Defendant also transmitted Plaintiff A-Ramlochan's personal information to other third-party entities in connection with the collection of the A-Ramlochan Debt. Defendant transmitted such information to these other third-party entities by, including but not limited to: [1] utilizing "skip trace" services; [2] utilizing bankruptcy, SCRA, probate, and other "scrubbing"

PAGE | **12** of **31**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

services; and [3] utilizing independent third-party contractors to attempt to collect the A-Ramlochan Debt from Plaintiff A-Ramlochan.

90.     On a date better known by Defendant, Defendant sent the letter prepared and/or complied by the Third-Party to Plaintiff A-Ramlochan (the "A-Ramlochan Collection Letter") in an attempt to collect the A-Ramlochan Debt.

91.     The A-Ramlochan Collection Letter contains a bar code, discreet tracking numbers, and/or QR code, of which are indicative of Defendant's use of the Third-Party to prepare, print, package, compile, and/or otherwise send the A-Ramlochan Collection Letter.

### ALLEGATIONS OF PLAINTIFF ARAUJO

92.     On a date better known by Defendant, Defendant began attempting to a debt from Plaintiff Araujo (the "Araujo Debt").

93.     The Araujo Debt is an obligation allegedly had by Plaintiff Araujo to pay money arising from a transaction between the creditor of the Araujo Debt, JP Morgan Chase Bank, and Plaintiff Araujo ("Subject Service #7").

94.     Subject Service #7 was primarily for personal, family, or household purposes.

95.     On a date better known by Defendant, Defendant transmitted the personal information of Plaintiff Araujo to the Third-Party.

96.     The personal information Defendant transmitted to the Third-Party included, but was not limited to: [1] Plaintiff Araujo's name; [2] Plaintiff Araujo's address; [3] the existence of the Araujo's Debt; [4] the amount of the debt; [5] the creditor of the Araujo's Debt; [6] that Plaintiff Araujo's was the alleged debtor of the Araujo Debt; [7] information regarding Subject Service #7; and [8] that Plaintiff Araujo did not pay the Araujo Debt and/or defaulted on the Araujo Debt.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

97.     The Third-Party, of whom Defendant transmitted Plaintiff Araujo's personal information to, complied Plaintiff Araujo's personal information and prepared a letter that was to be sent to Plaintiff Araujo in an attempt to collect the Araujo Debt.

98.     Defendant's transmission of Plaintiff Araujo's personal information to the Third Party was a communication in connection with the collect of the Araujo Debt.

99.     In addition to transmitting Plaintiff Araujo's personal information to the Third-Party, Defendant also transmitted Plaintiff Araujo's personal information to other third-party entities in connection with the collection of the Araujo Debt. Defendant transmitted such information to these other third-party entities by, including but not limited to: [1] utilizing "skip trace" services; [2] utilizing bankruptcy, SCRA, probate, and other "scrubbing" services; and [3] utilizing independent third-party contractors to attempt to collect the Araujo Debt from Plaintiff Araujo.

100.    On a date better known by Defendant, Defendant sent the letter prepared and/or complied by the Third-Party to Plaintiff Araujo (the "Araujo Collection Letter") in an attempt to collect the Araujo Debt.

101.    The Araujo Collection Letter contains a bar code, discreet tracking numbers, and/or QR code, of which are indicative of Defendant's use of the Third-Party to prepare, print, package, compile, and/or otherwise send the Araujo Collection Letter.

### ALLEGATIONS OF PLAINTIFF ETIENNE

102.    On a date better known by Defendant, Defendant began attempting to a debt from Plaintiff Etienne (the "Etienne Debt").

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

103.    The Etienne Debt is an obligation allegedly had by Plaintiff Etienne to pay money arising from a transaction between the creditor of the Etienne Debt, Santander Consumer USA, and Plaintiff Etienne ("Subject Service #8").

104.    Subject Service #8 was primarily for personal, family, or household purposes.

105.    On a date better known by Defendant, Defendant transmitted the personal information of Plaintiff Etienne to the Third-Party.

106.    The personal information Defendant transmitted to the Third-Party included, but was not limited to: [1] Plaintiff Etienne's name; [2] Plaintiff Etienne's address; [3] the existence of the Etienne's Debt; [4] the amount of the debt; [5] the creditor of the Etienne's Debt; [6] that Plaintiff Etienne's was the alleged debtor of the Etienne Debt; [7] information regarding Subject Service #8; and [8] that Plaintiff Etienne did not pay the Etienne Debt and/or defaulted on the Etienne Debt.

107.    The Third-Party, of whom Defendant transmitted Plaintiff Etienne's personal information to, complied Plaintiff Etienne's personal information and prepared a letter that was to be sent to Plaintiff Etienne in an attempt to collect the Etienne Debt.

108.    Defendant's transmission of Plaintiff Etienne's personal information to the Third Party was a communication in connection with the collect of the Etienne Debt.

109.    In addition to transmitting Plaintiff Etienne's personal information to the Third-Party, Defendant also transmitted Plaintiff Etienne's personal information to other third-party entities in connection with the collection of the Etienne Debt. Defendant transmitted such information to these other third-party entities by, including but not limited to: [1] utilizing "skip trace" services; [2] utilizing bankruptcy, SCRA, probate, and other "scrubbing" services; and [3]

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

utilizing independent third-party contractors to attempt to collect the Etienne Debt from Plaintiff Etienne.

110.    On a date better known by Defendant, Defendant sent the letter prepared and/or complied by the Third-Party to Plaintiff Etienne (the "Etienne Collection Letter") in an attempt to collect the Etienne Debt.

111.    The Etienne Collection Letter contains a bar code, discreet tracking numbers, and/or QR code, of which are indicative of Defendant's use of the Third-Party to prepare, print, package, compile, and/or otherwise send the Etienne Collection Letter.

### ALLEGATIONS OF PLAINTIFF JORDAN

112.    On a date better known by Defendant, Defendant began attempting to a debt from Plaintiff Jordan (the "Jordan Debt").

113.    The Jordan Debt is an obligation allegedly had by Plaintiff Jordan to pay money arising from a transaction between the creditor of the Jordan Debt, Navy Federal Credit Union, and Plaintiff Jordan ("Subject Service #9").

114.    Subject Service #9 was primarily for personal, family, or household purposes.

115.    On a date better known by Defendant, Defendant transmitted the personal information of Plaintiff Jordan to the Third-Party.

116.    The personal information Defendant transmitted to the Third-Party included, but was not limited to: [1] Plaintiff Jordan's name; [2] Plaintiff Jordan's address; [3] the existence of the Jordan's Debt; [4] the amount of the debt; [5] the creditor of the Jordan's Debt; [6] that Plaintiff Jordan's was the alleged debtor of the Jordan Debt; [7] information regarding Subject Service #9; and [8] that Plaintiff Jordan did not pay the Jordan Debt and/or defaulted on the Jordan Debt.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

117.     The Third-Party, of whom Defendant transmitted Plaintiff Jordan's personal information to, complied Plaintiff Jordan's personal information and prepared a letter that was to be sent to Plaintiff Jordan in an attempt to collect the Jordan Debt.

118.     Defendant's transmission of Plaintiff Jordan's personal information to the Third Party was a communication in connection with the collect of the Jordan Debt.

119.     In addition to transmitting Plaintiff Jordan's personal information to the Third-Party, Defendant also transmitted Plaintiff Jordan's personal information to other third-party entities in connection with the collection of the Jordan Debt. Defendant transmitted such information to these other third-party entities by, including but not limited to: [1] utilizing "skip trace" services; [2] utilizing bankruptcy, SCRA, probate, and other "scrubbing" services; and [3] utilizing independent third-party contractors to attempt to collect the Jordan Debt from Plaintiff Jordan.

120.     On a date better known by Defendant, Defendant sent the letter prepared and/or complied by the Third-Party to Plaintiff Jordan (the "Jordan Collection Letter") in an attempt to collect the Jordan Debt.

121.     The Jordan Collection Letter contains a bar code, discreet tracking numbers, and/or QR code, of which are indicative of Defendant's use of the Third-Party to prepare, print, package, compile, and/or otherwise send the Jordan Collection Letter.

### ALLEGATIONS OF PLAINTIFF ORTIZ

122.     On a date better known by Defendant, Defendant began attempting to a debt from Plaintiff Ortiz (the "Ortiz Debt").

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

123.    The Ortiz Debt is an obligation allegedly had by Plaintiff Ortiz to pay money arising from a transaction between the creditor of the Ortiz Debt, Capital One, and Plaintiff Ortiz ("Subject Service #10").

124.    Subject Service #10 was primarily for personal, family, or household purposes.

125.    On a date better known by Defendant, Defendant transmitted the personal information of Plaintiff Ortiz to the Third-Party.

126.    The personal information Defendant transmitted to the Third-Party included, but was not limited to: [1] Plaintiff Ortiz's name; [2] Plaintiff Ortiz's address; [3] the existence of the Ortiz's Debt; [4] the amount of the debt; [5] the creditor of the Ortiz's Debt; [6] that Plaintiff Ortiz's was the alleged debtor of the Ortiz Debt; [7] information regarding Subject Service #10; and [8] that Plaintiff Ortiz did not pay the Ortiz Debt and/or defaulted on the Ortiz Debt.

127.    The Third-Party, of whom Defendant transmitted Plaintiff Ortiz's personal information to, complied Plaintiff Ortiz's personal information and prepared a letter that was to be sent to Plaintiff Ortiz in an attempt to collect the Ortiz Debt.

128.    Defendant's transmission of Plaintiff Ortiz's personal information to the Third Party was a communication in connection with the collect of the Ortiz Debt.

129.    In addition to transmitting Plaintiff Ortiz's personal information to the Third-Party, Defendant also transmitted Plaintiff Ortiz's personal information to other third-party entities in connection with the collection of the Ortiz Debt. Defendant transmitted such information to these other third-party entities by, including but not limited to: [1] utilizing "skip trace" services; [2] utilizing bankruptcy, SCRA, probate, and other "scrubbing" services; and [3] utilizing independent third-party contractors to attempt to collect the Ortiz Debt from Plaintiff Ortiz.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

130.    On a date better known by Defendant, Defendant sent the letter prepared and/or complied by the Third-Party to Plaintiff Ortiz (the "Ortiz Collection Letter") in an attempt to collect the Ortiz Debt.

131.    The Ortiz Collection Letter contains a bar code, discreet tracking numbers, and/or QR code, of which are indicative of Defendant's use of the Third-Party to prepare, print, package, compile, and/or otherwise send the Ortiz Collection Letter.

### ALLEGATIONS OF PLAINTIFF BAILY

132.    On a date better known by Defendant, Defendant began attempting to a debt from Plaintiff Baily (the "Baily Debt").

133.    The Baily Debt is an obligation allegedly had by Plaintiff Baily to pay money arising from a transaction between the creditor of the Baily Debt, TD Bank, and Plaintiff Baily ("Subject Service #11").

134.    Subject Service #11 was primarily for personal, family, or household purposes.

135.    On a date better known by Defendant, Defendant transmitted the personal information of Plaintiff Baily to the Third-Party.

136.    The personal information Defendant transmitted to the Third-Party included, but was not limited to: [1] Plaintiff Baily's name; [2] Plaintiff Baily's address; [3] the existence of the Baily's Debt; [4] the amount of the debt; [5] the creditor of the Baily's Debt; [6] that Plaintiff Baily's was the alleged debtor of the Baily Debt; [7] information regarding Subject Service #11; and [8] that Plaintiff Baily did not pay the Baily Debt and/or defaulted on the Baily Debt.

137.    The Third-Party, of whom Defendant transmitted Plaintiff Baily's personal information to, complied Plaintiff Baily's personal information and prepared a letter that was to be sent to Plaintiff Baily in an attempt to collect the Baily Debt.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

138.     Defendant's transmission of Plaintiff Baily's personal information to the Third Party was a communication in connection with the collect of the Baily Debt.

139.     In addition to transmitting Plaintiff Baily's personal information to the Third-Party, Defendant also transmitted Plaintiff Baily's personal information to other third-party entities in connection with the collection of the Baily Debt. Defendant transmitted such information to these other third-party entities by, including but not limited to: [1] utilizing "skip trace" services; [2] utilizing bankruptcy, SCRA, probate, and other "scrubbing" services; and [3] utilizing independent third-party contractors to attempt to collect the Baily Debt from Plaintiff Baily.

140.     On a date better known by Defendant, Defendant sent the letter prepared and/or complied by the Third-Party to Plaintiff Baily (the "Baily Collection Letter") in an attempt to collect the Baily Debt.

141.     The Baily Collection Letter contains a bar code, discreet tracking numbers, and/or QR code, of which are indicative of Defendant's use of the Third-Party to prepare, print, package, compile, and/or otherwise send the Baily Collection Letter.

**ALLEGATIONS OF PLAINTIFF FAYAD (RE: DEBT ORIGINALLY OWED TO TD BANK)**

142.     On a date better known by Defendant, Defendant began attempting to a debt from Plaintiff Fayad (the "Fayad Debt #1").

143.     The Fayad Debt #1 is an obligation allegedly had by Plaintiff Fayad to pay money arising from a transaction between the creditor of the Fayad Debt #1, TD Bank, and Plaintiff Fayad ("Subject Service #12").

144.     Subject Service #12 was primarily for personal, family, or household purposes.

145.     On a date better known by Defendant, Defendant transmitted the personal information of Plaintiff Fayad to the Third-Party.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

146.     The personal information Defendant transmitted to the Third-Party included, but was not limited to: [1] Plaintiff Fayad's name; [2] Plaintiff Fayad's address; [3] the existence of the Fayad's Debt; [4] the amount of the debt; [5] the creditor of the Fayad's Debt; [6] that Plaintiff Fayad's was the alleged debtor of the Fayad Debt #1; [7] information regarding Subject Service #12; and [8] that Plaintiff Fayad did not pay the Fayad Debt #1 and/or defaulted on the Fayad Debt #1.

147.     The Third-Party, of whom Defendant transmitted Plaintiff Fayad's personal information to, complied Plaintiff Fayad's personal information and prepared a letter that was to be sent to Plaintiff Fayad in an attempt to collect the Fayad Debt #1.

148.     Defendant's transmission of Plaintiff Fayad's personal information to the Third Party was a communication in connection with the collect of the Fayad Debt #1.

149.     In addition to transmitting Plaintiff Fayad's personal information to the Third-Party, Defendant also transmitted Plaintiff Fayad's personal information to other third-party entities in connection with the collection of the Fayad Debt #1. Defendant transmitted such information to these other third-party entities by, including but not limited to: [1] utilizing "skip trace" services; [2] utilizing bankruptcy, SCRA, probate, and other "scrubbing" services; and [3] utilizing independent third-party contractors to attempt to collect the Fayad Debt #1 from Plaintiff Fayad.

150.     On a date better known by Defendant, Defendant sent the letter prepared and/or complied by the Third-Party to Plaintiff Fayad (the "Fayad Collection Letter #1") in an attempt to collect the Fayad Debt #1.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

151.    The Fayad Collection Letter #1 contains a bar code, discreet tracking numbers, and/or QR code, of which are indicative of Defendant's use of the Third-Party to prepare, print, package, compile, and/or otherwise send the Fayad Collection Letter #1.

**ALLEGATIONS OF PLAINTIFF FAYAD (RE: DEBT ORIGINALLY OWED TO VERIZON WIRELESS)**

152.    On a date better known by Defendant, Defendant began attempting to a debt from Plaintiff Fayad (the "Fayad Debt #2").

153.    The Fayad Debt #2 is an obligation allegedly had by Plaintiff Fayad to pay money arising from a transaction between the creditor of the Fayad Debt #2, Verizon Wireless, and Plaintiff Fayad ("Subject Service #13").

154.    Subject Service #13 was primarily for personal, family, or household purposes.

155.    On a date better known by Defendant, Defendant transmitted the personal information of Plaintiff Fayad to the Third-Party.

156.    The personal information Defendant transmitted to the Third-Party included, but was not limited to: [1] Plaintiff Fayad's name; [2] Plaintiff Fayad's address; [3] the existence of the Fayad's Debt; [4] the amount of the debt; [5] the creditor of the Fayad's Debt; [6] that Plaintiff Fayad's was the alleged debtor of the Fayad Debt #2; [7] information regarding Subject Service #13; and [8] that Plaintiff Fayad did not pay the Fayad Debt #2 and/or defaulted on the Fayad Debt #2.

157.    The Third-Party, of whom Defendant transmitted Plaintiff Fayad's personal information to, complied Plaintiff Fayad's personal information and prepared a letter that was to be sent to Plaintiff Fayad in an attempt to collect the Fayad Debt #2.

158.    Defendant's transmission of Plaintiff Fayad's personal information to the Third Party was a communication in connection with the collect of the Fayad Debt #2.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

159.     In addition to transmitting Plaintiff Fayad's personal information to the Third-Party, Defendant also transmitted Plaintiff Fayad's personal information to other third-party entities in connection with the collection of the Fayad Debt #2. Defendant transmitted such information to these other third-party entities by, including but not limited to: [1] utilizing "skip trace" services; [2] utilizing bankruptcy, SCRA, probate, and other "scrubbing" services; and [3] utilizing independent third-party contractors to attempt to collect the Fayad Debt #2 from Plaintiff Fayad.

160.     On a date better known by Defendant, Defendant sent the letter prepared and/or complied by the Third-Party to Plaintiff Fayad (the "Fayad Collection Letter #2") in an attempt to collect the Fayad Debt #2.

161.     The Fayad Collection Letter #2 contains a bar code, discreet tracking numbers, and/or QR code, of which are indicative of Defendant's use of the Third-Party to prepare, print, package, compile, and/or otherwise send the Fayad Collection Letter #2.

### ALLEGATIONS OF PLAINTIFF COHEN (RE: ACCOUNT NO. 0708)

162.     On a date better known by Defendant, Defendant began attempting to a debt from Plaintiff Cohen (the "Cohen Debt #1").

163.     The Cohen Debt #1 is an obligation allegedly had by Plaintiff Cohen to pay money arising from a transaction between the creditor of the Cohen Debt #1, JP Morgan Chase Bank, and Plaintiff Cohen ("Subject Service #14"), whereby the underlying original account number ended in 0708.

164.     Subject Service #14 was primarily for personal, family, or household purposes.

165.     On a date better known by Defendant, Defendant transmitted the personal information of Plaintiff Cohen to the Third-Party.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

166.     The personal information Defendant transmitted to the Third-Party included, but was not limited to: [1] Plaintiff Cohen's name; [2] Plaintiff Cohen's address; [3] the existence of the Cohen Debt; [4] the amount of the debt; [5] the creditor of the Cohen's Debt; [6] that Plaintiff Cohen's was the alleged debtor of the Cohen Debt #1; [7] information regarding Subject Service #14; and [8] that Plaintiff Cohen did not pay the Cohen Debt #1 and/or defaulted on the Cohen Debt #1.

167.     The Third-Party, of whom Defendant transmitted Plaintiff Cohen's personal information to, complied Plaintiff Cohen's personal information and prepared a letter that was to be sent to Plaintiff Cohen in an attempt to collect the Cohen Debt #1.

168.     Defendant's transmission of Plaintiff Cohen's personal information to the Third Party was a communication in connection with the collect of the Cohen Debt #1.

169.     In addition to transmitting Plaintiff Cohen's personal information to the Third-Party, Defendant also transmitted Plaintiff Cohen's personal information to other third-party entities in connection with the collection of the Cohen Debt #1. Defendant transmitted such information to these other third-party entities by, including but not limited to: [1] utilizing "skip trace" services; [2] utilizing bankruptcy, SCRA, probate, and other "scrubbing" services; and [3] utilizing independent third-party contractors to attempt to collect the Cohen Debt #1 from Plaintiff Cohen.

170.     On a date better known by Defendant, Defendant sent the letter prepared and/or complied by the Third-Party to Plaintiff Cohen (the "Cohen Collection Letter #1") in an attempt to collect the Cohen Debt #1.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

171.    The Cohen Collection Letter #1 contains a bar code, discreet tracking numbers, and/or QR code, of which are indicative of Defendant's use of the Third-Party to prepare, print, package, compile, and/or otherwise send the Cohen Collection Letter #1.

**ALLEGATIONS OF PLAINTIFF COHEN (RE: ACCOUNT NO. 6049)**

172.    On a date better known by Defendant, Defendant began attempting to a debt from Plaintiff Cohen (the "Cohen Debt #2").

173.    The Cohen Debt #2 is an obligation allegedly had by Plaintiff Cohen to pay money arising from a transaction between the creditor of the Cohen Debt #2, JP Morgan Chase Bank, and Plaintiff Cohen ("Subject Service #15"), whereby the underlying original account number ended in 6049.

174.    Subject Service #15 was primarily for personal, family, or household purposes.

175.    On a date better known by Defendant, Defendant transmitted the personal information of Plaintiff Cohen to the Third-Party.

176.    The personal information Defendant transmitted to the Third-Party included, but was not limited to: [1] Plaintiff Cohen's name; [2] Plaintiff Cohen's address; [3] the existence of the Cohen's Debt; [4] the amount of the debt; [5] the creditor of the Cohen's Debt; [6] that Plaintiff Cohen's was the alleged debtor of the Cohen Debt #2; [7] information regarding Subject Service #15; and [8] that Plaintiff Cohen did not pay the Cohen Debt #2 and/or defaulted on the Cohen Debt #2.

177.    The Third-Party, of whom Defendant transmitted Plaintiff Cohen's personal information to, complied Plaintiff Cohen's personal information and prepared a letter that was to be sent to Plaintiff Cohen in an attempt to collect the Cohen Debt #2.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

178.    Defendant's transmission of Plaintiff Cohen's personal information to the Third Party was a communication in connection with the collect of the Cohen Debt #2.

179.    In addition to transmitting Plaintiff Cohen's personal information to the Third-Party, Defendant also transmitted Plaintiff Cohen's personal information to other third-party entities in connection with the collection of the Cohen Debt #2. Defendant transmitted such information to these other third-party entities by, including but not limited to: [1] utilizing "skip trace" services; [2] utilizing bankruptcy, SCRA, probate, and other "scrubbing" services; and [3] utilizing independent third-party contractors to attempt to collect the Cohen Debt #2 from Plaintiff Cohen.

180.    On a date better known by Defendant, Defendant sent the letter prepared and/or complied by the Third-Party to Plaintiff Cohen (the "Cohen Collection Letter #2") in an attempt to collect the Cohen Debt #2.

181.    The Cohen Collection Letter #2 contains a bar code, discreet tracking numbers, and/or QR code, of which are indicative of Defendant's use of the Third-Party to prepare, print, package, compile, and/or otherwise send the Cohen Collection Letter #2.

### COUNT 1
### VIOLATION OF 15 U.S.C. § 1692c(b)

182.    Plaintiffs incorporates by reference ¶¶ 18-181 of this Third Amended Consolidated Complaint.

183.    Pursuant to § 1692c(b) of the FDCPA, "*a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector*." 15 U.S.C. 1692c(b) (emphasis added).

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

184.     As set forth above, Defendant's transmission of the personal information of Plaintiffs to the Third-Party is a communication within the scope of § 1692c(b) of the FDCPA. Accordingly, by the very text of the statute, Defendant violated § 1692c(b) of the FDCPA with respect to each of the Plaintiffs when it (Defendant) communicated each of the Plaintiffs' personal information to the Third-Party.

185.     WHEREFORE, Plaintiffs, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiffs the following relief:

      (a)     Statutory damages as provided by 15 U.S.C. § 1692k;

      (b)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

      (c)     Any other relief that this Court deems appropriate under the circumstances.

### COUNT 2
### VIOLATION OF 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(5), & § 1692e(10)

186.     Plaintiffs incorporates by reference ¶¶ 18-181 of this Third Amended Consolidated Complaint.

187.     Defendant is liable to Plaintiffs for attempting to collect the Consumer Debts from Plaintiffs without possessing a valid consumer collection agency license in accordance with Florida law. Fla. Stat. § 559.553.

188.     Fla. Stat. § 559.553(1) provides that "[a] person may not engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, **and thereafter maintaining a valid registration**." (emphasis added).

189.     To maintain validation registration, Fla. Stat. § 559.5556(1) provides that "[e]ach registered consumer collection agency shall maintain, at the principal place of business designated

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

on the registration, all books, accounts, records, and documents necessary to determine the registrant's compliance with this part."

190.    Even further, Fla. Stat. § 559.5556(3) provides that "[t]he commission may prescribe by rule the minimum information to be shown in the books, accounts, records, and documents of registrants so that such records enable the office to determine the registrant's compliance with this part."

191.    To these ends, effective as of November 25, 2011, and pursuant to the "Rulemaking Authority" of Fla. Stat. 559.556, Florida Administrative Code Rule 69V-180.080, titled "**Consumer Collection Agency Records**," provides that "[a] registrant shall, *at a minimum*, maintain all records specified in [Rule 69V-180.080], [and that] [r]ecords shall be kept current to within one week of the current date."

192.    With respect to the *minimum* records specified by Rule 69V-180.080, the likes of which are required to "be kept current to within one week of the current date," Rule 69V-180.080 provides an explicit list of records that "shall be maintained," of which include:

(a)     "A copy of the contract or agreement that the registrant will use with its creditors." Rule 69V-180.080(1).

(b)     "The debtor's account of activity disclosing … [t]he actual amount of the claim submitted by the creditor … [a] record of payments made by the debtor, including the date received and the amount and balance owing …[and] [a] record of outbound contacts or attempted contacts by the registrant with the debtor including … [t]he name of the person (or alias name of the person) making or attempting to make contact." *See* Rule 69V-180.080(3).

(c)     "All form letters and stationery used by a registrant shall be maintained in a file and made available at all times for review by the Office of Financial Regulation." *See* Rule 69V-180.080(6).

(d)     "The name of the financial institution or institutions where the registrant's accounts will be maintained, and the identifying numbers assigned by the financial institutions to the accounts." *See* Rule 69V-180.080(7).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

  (e) "Basic information about the debt including, at the minimum, [d]ocumentation of the debt provided by the creditor, [t]he date the debt was incurred and the date of the last payment, [t]he identity of the original creditor as known to the debtors, [t]he amount of the debt at the time of charge-off or at the time of receipt of the debt by the registrant for purposes of collection and an itemization of all interest, fees, or charges added to it by the registrant, [and] [i]f the debt collector is a debt buyer or is an assignee holding title to the debt, the debt buyer's or assignee's bill of sale or other written document executed by the debt buyer or assignee that contains when and from whom the debt was acquired. *See* Rule 69V-180.080(9).

  (f) "A copy of all letters, emails, and correspondence, written or electronically sent to a debtor." *See* Rule 69V-180.080(10).

  (g) "All phone numbers used by a registrant shall be disclosed and maintained in a file and made available at all times for review by the Office of Financial Regulation." *See* Rule 69V-180.080(11).

193. Further, effective as of November 25, 2011, and pursuant to the "Rulemaking Authority" of Fla. Stat. 559.556, Florida Administrative Code Rule 69V-180.090, titled "**Consumer Collection Agency Records Retention and Destruction**," provides that "[a]ll books, accounts, records, documents, and receipts must be maintained for at least 3 years from the date the consumer satisfied the debt being collected or the registrant has ceased collection efforts from the consumer [and] [a] registrant must have written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer." *See* Rule 69V-180.090(1) & (2).

194. Here, Defendant attempted to collect the Consumer Debts from Plaintiffs by and through the Collection Letters, and in so doing, Defendant engaged in activity which Florida requires licensure to be valid and otherwise lawful; however, at all times relevant, Defendant did no possess or otherwise maintain a valid consumer collection agency with the Florida Department of State as required by Fla. Stat. § 559.553.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

195.    Defendant's failure to maintain a valid consumer debt collection license, as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida violates 15 U.S.C. § 1692e & e(10) because attempting to collect a debt while not possessing a valid license as required by Florida law is a false, deceptive, and misleading practice.

196.    Defendant's failure to maintain a valid consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violates 15 U.S.C. § 1692e(2)(A) because attempting to collect a debt and/or actually collecting a debt while not lawfully licensed as required by Florida law constitutes a false representation of the character and legal status of the underlying debt.

197.    Defendant's failure to maintain a valid consumer collection agency license, as mandated by Florida Statutes § 559.553, while attempting to collect consumer debts – such as the Consumer Debts – is a violation of 15 U.S.C. § 1692e(5) because the Collection Letter is a threat to take action that cannot legally be taken. For example, the Collection Letters cause the least sophisticated consumer to believe that Defendant may lawfully collect *or even attempt to collect* the respective Consumer Debts when, in reality, Defendant had no such authority or lawful ability.

198.    WHEREFORE, Plaintiffs, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiffs the following relief:

(a)    Statutory damages as provided by 15 U.S.C. § 1692k;

(b)    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

(c)    Any other relief that this Court deems appropriate under the circumstances.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Dated: December 6, 2021

Respectfully Submitted,

 /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136
Fax:        855-529-9540

*COUNSEL FOR PLAINTIFF*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on December 6, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

 /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com